## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**HELEN CLARK,**

      **Plaintiff,**

v.                                            **3:12-CV-1277-N-BK**

**BANK OF AMERICA NA, THE BANK
OF NEW YORK MELLON, RECONTRUST
COMPANY, NA, AMERICA'S WHOLESALE
LENDER, BAC HOME LOANS
SERVICING, LP, JIM ADKINS, MARY
MANCUSO, and SHELLEY ORTOLANI,**

      **Defendants.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3, this case has been referred to the undersigned for pretrial

management.  The cause is now before the Court on Defendants' *Motion to Dismiss* (Doc. 8), and

the *pro se* Plaintiff's *Motion to Remand to State Court* (Doc. 11) and *Motion to Vacate Void*

*Judgment for Lack of Subject Matter Jurisdiction and Dismiss the Case or Remand to State*

*Court* (Doc. 17).  For the reasons that follow, the undersigned recommends that Defendants'

*Motion to Dismiss* (Doc. 8) be **GRANTED** and that Plaintiff's *Motion to Remand to State Court*

(Doc. 11) and *Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and*

*Dismiss the Case or Remand to State Court* (Doc. 17) be **DENIED**.

## I.  PROCEDURAL BACKGROUND

In March 2012, Plaintiff filed a petition in state court against Defendants which, liberally

construed, raised claims for wrongful foreclosure, trespass to try title, quiet title, breach of

contract, fraud, and negligence in connection with the foreclosure of her home.  (Doc. 1, Exh. A2

at 1-3, 5); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally

construe *pro se* pleadings).  In essence, Plaintiff disputed that Defendants owned any interest in the property or that she owed them any money in connection with any loan made on the property. *See* Doc. 1, Exh. A2 at 1-3, 5.  Plaintiff contended that the original promissory note, if one existed, was her property and she did not give it to Defendants, who fraudulently claimed it as their own. *Id.* at 5.  She claimed damages of at least $75,000.00 and also sought punitive damages and a declaratory judgment stating that she was the rightful owner of the property. *Id.* at 3-4.

The corporate Defendants (collectively, "Defendants") removed the case to federal district court based on diversity jurisdiction, alleging that Plaintiff is a citizen and resident of Texas, and all defendants are either citizens of other states or were fraudulently joined to defeat diversity jurisdiction.  (Doc. 1 at 10-14).  Defendants now have moved to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 8 at 8).  While Plaintiff has not directly responded to Defendants' dismissal motion, she has moved to remand her case to state court for lack of federal subject matter jurisdiction.  (Docs. 11, 17).  Before addressing Defendants' dismissal motion, the Court first considers its subject matter jurisdiction over the instant case. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter").

## II.  SUBJECT  MATTER JURISDICTION

### A.      Parties' Jurisdictional Arguments

When Defendants removed this case to federal court, they alleged that (1) Plaintiff was a resident of Texas, (2) Defendants were citizens of various other states, and (3) the individual

substitute trustee defendants, Adkins, Mancuso, and Ortolani (collectively, the "Trustee Defendants") were residents of Texas, but had been fraudulently joined.[1]  (Doc. 1 at 10-14).  In particular, Defendants argued that Plaintiff sued the Trustee Defendants solely in their capacities as substitute trustees, not in their individual capacities, and Texas law exempted substitute trustees from liability since Plaintiff made no allegation that they had acted in bad faith.  *Id.* at 12-14.  Defendants also contended that Texas law provides that trustees who conduct foreclosure sales do not owe a fiduciary duty to homeowners.  *Id.* at 13.  Aside from these exemption provisions of Texas law, Defendants separately maintained that Plaintiff could not state a claim against the Trustee Defendants on the merits of any of her causes of action.  *Id.* at 12-23.  As such, Defendants argued that the Trustee Defendants' citizenship should not be considered in the Court's determination of whether diversity jurisdiction existed.  *See id.* at 13-14.  Because the amount in controversy exceeded $75,000.00, as apparent from the face of the complaint, Defendants contended that diversity jurisdiction existed.  *Id.* at 23-25.

In her initial *Motion to Remand to State Court*, Plaintiff argues that this Court lacks subject matter jurisdiction because this case does not involve a federal income tax and is merely a contract dispute.  (Doc. 11 at 1).  In her *Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and Dismiss the Case or Remand to State Court* (Doc. 17), Plaintiff requests that the Court vacate the "void judgment" entered in this action and reverse the "writ of possession."  The pleading is disjointed, consisting of a series of case and statute citations which generally stand for the proposition that subject matter jurisdiction can be challenged at any time,

---

[1] Corporate Defendants are all represented by the same counsel.  The Trustee Defendants apparently have not been served and have not entered an appearance in this case.

but which otherwise have no application to this case.  (Doc. 17 at 1-3).

**B.**     **Applicable Law**

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court.  28 U.S.C. §§ 1441(a), (b).  A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a)(1).  Thus, a state case involving opposing parties from different states is removable.  28 U.S.C. § 1441.  The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  A plaintiff may move to remand an action on the basis of any defect in the removal procedure, other than subject matter jurisdiction, within 30 days of removal.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  A defendant thus may argue that a plaintiff has improperly joined a non-diverse defendant for purposes of defeating diversity jurisdiction, but the defendant's burden of persuasion is a heavy one.  *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003).   There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

4

action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted).  Only the latter ground is at issue in this case.  (Doc. 1 at 11-12).

The removing party carries a heavy burden when asserting fraudulent joinder.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  The removing party must show that there is no possibility that the plaintiff can state a claim against the non-diverse defendant in state court.  *Id.*  When determining whether the plaintiff is able to establish a state claim against the non-diverse party, the district court asks whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant.  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).  To make that determination, "[t]he court may conduct a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

Texas law provides that "[a] trustee shall not be liable for any good faith error resulting

5

from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." TEX. PROP. CODE § 51.007(f); *Stephenson v. Le Boeuf*, 16 S.W.3d 829, 837-38 (Tex. App. – Houston [14th Dist.] 2000); *see also Buggs v. GMAC Mortg., L.L.C.*, 2012 WL 609401, *5 (E.D. Tex. 2012) (dismissing the trustee defendants because they were not necessary parties pursuant to section 51.007 and noting that the plaintiff had sued the substitute trustees in their official capacities and was not seeking any relief from them in their individual capacities). Moreover, a trustee who conducts a foreclosure does not owe a fiduciary duty to the mortgagor. *Stephenson*, 16 S.W.3d at 837-38.

## C.    Jurisdictional Analysis

Plaintiff's only allegations against the Trustee Defendants are in their capacities as substitute trustees. *See* Doc. 1, Exh. A2 at 1-6 (suing "Shelley Ortolani, Mary Mancuso, and Jim Akins or ReconTrust, NA as Trustee for BAC Home Loans Servicing" and making repeated allegations in complaint against "Shelley Ortolani, Mary Mancuso, and Jim Akins or ReconTrust, NA as Trustee for BAC Home Loans Servicing"); *see also* Doc. 1, Exh. C (Substitute Trustee's Deed, naming Ortolani, Mancuso, and Akins as Substitute Trustees); *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims). Plaintiff has not alleged any claims against the Trustee Defendants individually or independent of those for which no recovery is allowed under section 51.007. *See Cantor v. Wachovia Mortgage, FSB*, 641 F.Supp.2d 602, 611 (N.D. Tex. 2009) (holding that mortgagor's allegations against a substitute trustee in connection with a notice of intent to foreclose failed to state a claim under

6

Texas law for misrepresentation or violation of the Texas Deceptive Trade Practices Act; thus the trustee, who was the only non-diverse defendant, was fraudulently joined and remand to state court was not warranted).  Furthermore, there is no discernable factual basis for Plaintiff to sue the Trustee Defendants individually.  Thus, it appears that Plaintiff has no possibility of recovering against the Trustee Defendants under Texas law, and the Court concludes that they have been improperly joined and should be disregarded for purposes of determining jurisdiction. *Great Plains*, 313 F.3d at 312; TEX. PROP. CODE § 51.007(f); *Stephenson,* 16 S.W.3d at 837-38; *Buggs*, 2012 WL 609401 at *5.

The Court further finds that Bank of America, NA is a citizen of North Carolina, where its main office is located.  28 U.S.C. § 1348 (statute governing the determination of the citizenship of a national banking association); *see, e.g., Hill v. Bank of Am. Corp.*, 2006 WL 1518874, *1 (N.D. Ga. 2006) (stating that Bank of America, N.A. is a national banking association located in the state of North Carolina, which is where its main office is located).  The Bank of New York Mellon is a citizen of New York because that is where it is incorporated and maintains its principal place of business.  28 U.S.C. §1332(c) (statute governing the determination of the citizenship of a corporation); *see, e.g., McCarthy v. Bank of New York/Mellon*, 2010 WL 2144241, *1 (D. Mass. 2010) (finding that The Bank of New York Mellon is a citizen of the State of New York).  Finally, Defendant, ReconTrust Company, N.A., is a citizen of California where its main office is located.  *See Dalby v. Citimortgage, Inc.*, 2012 WL 75819, *4 (D. Nev. 2012) (finding that "ReconTrust Company, N.A. is a national association with a primary address in California.").  Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists.  (Doc. 1, Exh. A2 at 1) (noting Plaintiff's Texas home address).

7

In addition, the amount in controversy exceeds $75,000.00.  First, it is facially apparent from Plaintiff's complaint that she is seeking damages in excess of $75,000.00, and she states that she has suffered the loss of equity in her home of at least $75,000.00.  (Doc. 1, Exh. A2 at 3).  Additionally, she is seeking punitive damages, attorneys' fees, and interest.  *Id.* at 4.  As a result, this Court finds that removal of this case was proper as the Court has subject matter jurisdiction over all claims.  The Court, thus, should entertain a motion to dismiss the Trustee Defendants when such motion is filed.  *See Cantor*, 641 F.Supp.2d at 612-13 (finding removal proper because there was no possibility of recovery against unserved substitute trustee, disregarding substitute trustee for purposes of subject matter jurisdiction, and noting that court would entertain a motion to dismiss if the substitute trustee filed one).

For the reasons set out above, Plaintiff's *Motion to Remand to State Court* (Doc. 11) and *Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and Dismiss the Case or Remand to State Court* (Doc. 17) should be **DENIED**.  The Court next addresses Defendants' *Motion to Dismiss*.

### III.  MOTION TO DISMISS

#### A.    Rule 12(b)(6) Standard

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  Simply put, the standard set forth in Rule 8 of the

8

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A complaint thus is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*

**B.      Arguments and Analysis**

Defendants generally argue that Plaintiff's complaint fails to meet the pleading standard required by Rule 8(a) because she does not make any connection between any concretely pled facts and the law she cites.  (Doc. 8 at 16).  Defendants also more specifically challenge each of Plaintiff's claims.

*1.  Fraud, Fraudulent Inducement, and Negligence*

Defendant urges that Plaintiff's fraud, fraudulent inducement, and negligence claims fail based on the economic-loss doctrine.  *Id.* at 20-21.

Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties.  *See Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).  Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract.  The economic loss rule applies to real estate transactions.  *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss.  *See Sterling Chems, Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796-98 (Tex. App–Houston [1st Dist.] 2007).  A claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract.  *Id.*  Nevertheless, a

plaintiff may bring a tort claim if she can establish that she suffered an injury independent of the economic losses caused by the breach of contract.  In *Century Surety Co. v. Hardscape Const. Specialties, Inc.*, 578 F.3d 262, 270 (5th Cir. 2009), the Court of Appeals for the Fifth Circuit noted that while the plaintiff's cause of action for faulty pool and deck construction sounded solely in contract, if the plaintiff had alleged that the faulty construction *separately* damaged its business interests or adjacent property, it might have had a tort cause of action as well.

In this case, Plaintiff's tort claims are based on Defendants' purported lack of authority under the loan documents to foreclose on the property.  Plaintiff has not alleged any independent injury outside of the economic losses caused by the supposed breach of the contract memorialized by those documents, and therefore she cannot state a claim for fraud, fraudulent inducement, or negligence.  Accordingly, those claims should be dismissed with prejudice.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

*2. Wrongful Foreclosure*

Defendant next argues that Plaintiff's wrongful foreclosure claim fails because she has not recited any of the elements of the claim.  (Doc. 8 at 20-22).

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.  *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008).  As Defendant points out, Plaintiff's sole reference to a potential wrongful foreclosure claim is her statement that "[d]ue to the

10

wrongful disclosure [sic], breach of contract, fraud, negligence on behalf of the Defendants, Affiant have [sic] suffered lost [sic] of equity in home of at least $75,000." (Doc. 1, Exh. A2 at 4). Plaintiff does not reference any of the elements of a wrongful foreclosure claim or tie any of her factual allegations to such a claim. Nevertheless, given the facts she pleads elsewhere in her complaint, the parties she has sued, and the nature of the damages she seeks, it is possible that she can state a claim for wrongful foreclosure. Consequently, Plaintiff should be given leave to re-plead this claim. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (noting that dismissing an action with prejudice after giving the plaintiff only one opportunity to state a claim is ordinarily unjustified); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so.").

### 3. Quiet Title and Trespass to Try Title

Defendants contend that Plaintiff's title-based claims fail because (1) Plaintiff has not alleged that she has superior title to the property at issue, (2) she attacks only the alleged weakness of Defendants' claims to title, (3) she relies on the disavowed show-me-the-note theory, (4) the Trustee Defendants whom Plaintiff sues for these alleged actions were not the purchasers of the property, and (5) Plaintiff is not entitled to equitable relief without tendering the amounts owed on the loan. (Doc. 8 at 22-27).

A trespass-to-try-title action is the exclusive remedy for parties to resolve competing

claims to real property.  *See* Tex. Prop. Code § 22.001.  Any case that involves a dispute over title to land is, in effect, an action in trespass to try title, regardless of whether legal or equitable relief is sought.  *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex. App.–Texarkana 1991).  To prevail on a trespass-to-try-title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned.  *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).

Relatedly, the principal issue in a suit to quiet title is the existence of a cloud that a remedy in equity will remove.  *See Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.Civ.App.–Waco 1980).  To prevail on a suit to quiet title, a plaintiff must show that: (1) she has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable.  *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex.App.– Texarkana 1991).  The plaintiff's goal in such an action is to have the defendant's claims to the property declared to be unfounded.  *See Temple Trust Co. v. Logan*, 82 S.W.2d 1017, 1019 (Tex.Civ.App.– Amarillo 1935).  In both trespass-to-try-title and quiet title actions, the plaintiff must recover on the strength of her own title, not on the weakness of the defendant's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001).

In the instant case, both of Plaintiff's title-based claims fail because she does not provide any support for her own title and, instead, focuses solely on the purported weakness of Defendants' title.  *Id.*  Recently, a Texas federal court dismissed a similar quiet title action.  *See Olaoye v. Wells Fargo Bank, NA*, 2012 WL 1082307, *3 (N.D. Tex. 2012) (Means, J.) ( finding

12

that the complaint contained no facts indicating that the plaintiff had superior title to the property

and dismissing the plaintiff's suit to quiet title where the plaintiff made only a conclusory

statement that he was the legal and equitable owner of the property, he acknowledged that the

property was sold at a foreclosure sale, and his theory as to why the foreclosure sale should be

voided was meritless).

Plaintiff's title claims fail for a second reason as well.  She asserts that "[t]he original

promissory note in question . . . is, and always was, the property of [Plaintiff], and the same did

not knowingly or otherwise assign, transfer, or give it away").  (Doc. 1, Exh. A2 at 3).

Defendants correctly point out that, in making this statement, Plaintiff is relying on a legal theory

colloquially known as the "show-me-the-note" theory.  "This theory supposes ... 'that only the

holder of the original wet-ink signature note has the lawful power to initiate a non judicial

foreclosure.'"  *Puig v. Citibank, N.A.*, 2012 WL 1835721, *5 (N.D. Tex. 2012) (Lindsay, J.)

(quoting *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, *2-3 (W.D. Tex. 2011))

(rejecting the plaintiffs' "show me the note" theory under which the homeowners facing

foreclosure sought to require the foreclosing entity to produce the original note and collecting

cases).  "Courts in this and neighboring districts have 'roundly rejected this theory . . . because

foreclosure statutes simply do not require possession or production of the original note.'"  *Puig*,

2012 WL 1835721 at *2 (quoting *Wells*, 2011 WL 2163987 at *2); *see also Cervantes v. U.S.

Bank, Nat'l Ass'n*, 2012 WL 1605558, *3 (N.D. Tex. 2012) (Fitzwater, C.J.); *Broyles v. Chase

Home Fin.*, 2011 WL 1428904 at *2 & n.2 (N.D. Tex. 2011) (Fish, J); *Coleman v. Bank of Am.,

N.A.*, 2011 WL 2516169, *2 (N.D. Tex. 2011) (Kaplan, M.J.).  Accordingly, Plaintiff has failed

to state a claim either for trespass-to-try-title or for quiet title, and both of those claims should be

dismissed with prejudice.  *McConathy*, 131 F.3d at 561-62.

    *4.  Breach of Contract*

    Next, Defendant contends that Plaintiff's breach of contract action must be dismissed

because Plaintiff has failed to allege any of the essential elements for such an action.  Indeed,

Defendant maintains, Plaintiff disputes that a valid contract even exists and does not allege that

she performed under the contract by timely making her monthly mortgage payments.  (Doc. 8 at

28).

    Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the

existence of a valid contract; (2) that she performed or tendered performance under the contract;

(3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a

result of the breach.  *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir.

2003).  In this case, Plaintiff has not properly pled a cause of action for breach of contract.  As an

initial matter, Plaintiff merely alludes to a breach of contract claim in passing, in a laundry list of

other claims, so it is not even clear whether she intends to raise that claim.  (Doc. 1, Exh. A2 at

3).  Further, in the two sections of the complaint in which she mentions a contract, she appears to

dispute the existence of any such agreement with Defendants.  *See* Doc. 1, Exh. A2 at 5

(Defendants "falsely allege[] that Affiant Helen Clark has a contract with Defendants"); *see also*

Doc. 1, Exh. A2 at 2 ("[t]he purported contract, which [is] in question in this lawsuit, if there is

any contract, would have been signed and was performable in Dallas.").  Finally, Plaintiff does

not allege that she performed or tendered performance under the contract.  *Sport Supply Group*,

335 F.3d at 465.  Accordingly, to the extent that Plaintiff raises a breach of contract claim, it fails

and should be dismissed with prejudice.  *McConathy*, 131 F.3d at 561-62.

14

5.  *Declaratory Judgment Action*

Lastly, Defendants urge that Plaintiff's declaratory judgment claim should be dismissed because she has alleged no facts to sustain a cause of action against the Trustee Defendants, and none of her claims against the remaining Defendants survives the Rule 12(b)(6) standard.  (Doc. 8 at 28-29).

Plaintiff requested in her complaint that the court grant her a declaratory judgment under state law, declaring that she "is the owner of the property free and clear of any lien in favor of the Defendants."  (Doc. 1, Exh. A2 at 4).  Liberally construing her *pro se* complaint in light of the removal of her case to federal court, she seeks a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (stating that when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act).  That Act provides that any federal court may declare the rights and legal relations of any interested party.  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

In this case, Plaintiff's request for declaratory relief depends on her potentially viable claim for wrongful foreclosure which this Court has recommended she be granted leave to re-plead.  *See supra*.  Accordingly, Plaintiff's request for declaratory relief should not be dismissed at this time.  *See Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 738 (E.D. Tex. 2011) (refusing to dismiss the plaintiff mortgagors' declaratory judgment action, which was predicated on their breach of contract claim, because the plaintiffs had stated claims against their lender for

15

alleged breach of the note and deed of trust).

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's *Motion to Remand to State Court* (Doc. 11) and

*Motion to Vacate Void Judgment for Lack of Subject Matter Jurisdiction and Dismiss the Case*

*or Remand to State Court* (Doc. 17) should be **DENIED**.  Defendants' *Motion to Dismiss* (Doc.

8) should be **GRANTED**.  Plaintiff, however, should be given 14 days from the date of this

Recommendation to amend her complaint to re-plead only her wrongful foreclosure and related

declaratory judgment claims against Defendant.  If Plaintiff does not file an amended complaint

that sufficiently states wrongful foreclosure and declaratory judgment claims against Defendant

within the 14 days allotted for objections to this Recommendation, this case should be

**DISMISSED WITH PREJUDICE** against Defendants Bank of America NA, The Bank of New

York Mellon, ReconTrust Company NA, America's Wholesale Lender, and BAC Home Loans

Servicing LP.

**SO RECOMMENDED** on August 1, 2012.


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

16

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE