IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HELEN CLARK,

    Plaintiff,

v.                                                                  3:12-CV-1277-N-BK

BANK OF AMERICA NA, THE BANK
OF NEW YORK MELLON, RECONTRUST
COMPANY, NA, AMERICA'S WHOLESALE
LENDER, BAC HOME LOANS
SERVICING, LP, JIM ADKINS, MARY
MANCUSO, and SHELLEY ORTOLANI,

    Defendants.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Plaintiff's *Motion for a Temporary Restraining Order* ("TRO") (Doc. 23). For the reasons that follow, the undersigned recommends that the motion be **DENIED**.

In March 2012, Plaintiff filed a petition in state court against Defendants which, liberally construed, raised claims for wrongful foreclosure, trespass to try title, quiet title, breach of contract, fraud, and negligence in connection with the foreclosure of her home. (Doc. 1, Exh. A2 at 1-3, 5); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings). Defendants removed the case to federal district court based on diversity jurisdiction and moved to dismiss Plaintiff's complaint. (Doc. 8 at 8). The undersigned recommended dismissal of the claims in August 2012. (Doc. 19). Plaintiff now has filed a motion for a TRO, stating simply that she wishes to prevent an eviction that is pending in state court. (Doc. 23).

The four elements a plaintiff must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Plaintiff has not attempted to establish any of these elements. Accordingly, the undersigned recommends that the District Court **DENY** her *Motion for a Temporary Restraining Order* ("TRO") (Doc. 23).

**SO RECOMMENDED** on September 7, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE