IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HELEN CLARK,

    Plaintiff,

v.                                        3:12-CV-1277-N-BK

BANK OF AMERICA NA, THE BANK OF NEW
YORK MELLON, RECONTRUST COMPANY,
NA, AMERICA'S WHOLESALE LENDER, BAC
HOME LOANS SERVICING, LP, JIM ADKINS,
MARY MANCUSO, and SHELLEY ORTOLANI,

    Defendants.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been assigned to the magistrate judge for pretrial management. On March 1, 2012, Plaintiff filed a petition in state court against the Defendants which, liberally construed, raised claims for wrongful foreclosure, trespass to try title, quiet title, breach of contract, fraud, and negligence in connection with the foreclosure of her home. (Doc. 1, Exh. A2 at 1-3, 5). Subsequently, the corporate Defendants removed the case to federal district court based on diversity jurisdiction. (Doc. 1 at 10-14). The case against them has since been dismissed for failure to state a claim. (Doc. 35).

Pursuant to Federal Rule of Civil Procedure 4(c), Plaintiff is responsible for serving her complaint on all of the Defendants. If a plaintiff does not serve a defendant within 120 days after the complaint is filed, the court <u>must</u> – after notice to the plaintiff – dismiss the action without prejudice against that defendant or order that service be made within a specified time. FED. R. CIV. P. 4(m). Under Texas law, an action is commenced when a petition is filed. *See* TEX. R. CIV. P. 22; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). Plaintiff thus had until

June 29, 2012 to serve the individual Defendants but did not.

Subsequently, the Court ordered Plaintiff to effectuate proper service of the complaint on the individual Defendants, Adkins, Mancuso, and Ortolani, by September 30, 2012.  (Doc. 29).  The undersigned warned Plaintiff that her failure to file proof of service by that date would result in her case being dismissed without prejudice and without further notice against the individual Defendants.  As of the date of this recommendation, Plaintiff has not served her petition on the individual Defendants.

Accordingly, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** as to Defendants Adkins, Mancuso, and Ortolani, and that **THIS CASE BE CLOSED**.

**SO RECOMMENDED** on October 24, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE